**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ROLANDO ALEXIS BRAVO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-445-JDK-JDL |
| | § | |
| GREGG COUNTY MEDICAL JAIL, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rolando Bravo, proceeding pro se, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights during his confinement.   The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action.

On November 10, 2025, the Magistrate Judge ordered Plaintiff to pay the statutory filing fee or seek leave to proceed *in forma pauperis*.   Docket No. 3.   By separate order, the Magistrate Judge directed Plaintiff to file an amended complaint. Docket No. 2.   To date, Plaintiff has not complied with these orders, nor has he responded in any way.

On February 2, 2026, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court, in accordance with Federal Rule of Civil Procedure 41(b).   A copy of the Report was sent to Plaintiff at his last known address but was returned as

1

undeliverable, with the notation that Plaintiff was not at that facility.  Docket No. 5.

Gregg County records show that Plaintiff was released from jail on January 16, 2026.

*See* https://portal-txgregg.tylertech.cloud/OdysseyPA/JailingSearch.aspx?ID=400.

To date, Plaintiff has not advised the Court of his current mailing address. The complaint form which Plaintiff filed contains a declaration stating, "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit."   Docket No. 3 at 9; *see also* Local Rule CV-11(d) ("a *pro se* litigant must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address.").

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation.  28 U.S.C. § 636(b)(1).   In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).   Here, Plaintiff did not file objections in the prescribed period.  The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a

Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. The Court therefore adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 4) be **ADOPTED**.    The above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. All pending motions are **DENIED**.

So **ORDERED** and **SIGNED** this **28th** day of **April, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3